# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **KIM STEELE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**WAL-MART ASSSOCIATES, INC.,**<br><br>*Defendant*. | **CASE NO.: 1:18-CV-812** |

## COMPLAINT AND REQUEST FOR JURY TRIAL

**NOW COMES** the Plaintiff, Kim Steele ("Steele"), and complaining of the Defendant, Wal-Mart Associates, Inc. ("Wal-Mart"), alleges the following to be true:

### INTRODUCTION

1    This action stems from Defendant's termination of Steele based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. § 1981.

2    Each paragraph of this complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

-1-

## JURISDICTION AND VENUE

3      Steele is a resident of Rowan County, North Carolina, and is neither a minor nor incompetent.

4      Wal-Mart is a foreign corporation with a principal office in Bentonville, Arkansas, at least one store in Rowan County, and a registered agent in Raleigh, North Carolina.

5      This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    5.1      28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. § 1981;

6      This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    6.1      Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    6.2      N.C. Gen. Stat. § 1-75.4(d), as Wal-Mart was engaged in substantial business activity within this state at the time service of process was made upon it.

    6.3      N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Steele's person or property.

7    Venue is proper in this Court pursuant to any/all of the following:

7.1    28 U.S.C. § 1391(b)(1), as all Defendants are residents of North

Carolina and at least one defendant is a resident of the Middle

District of North Carolina;

7.2    28 U.S.C. § 1391(b)(2), as a substantial part of the events or

omissions giving rise to this action occurred in the Middle District of

North Carolina.

## STATEMENT OF THE FACTS

8    Steele is a white female.

9    Steele worked for Wal-Mart from July 1998 until October 19, 2016.

10    Steele's last position with Wal-Mart was Third Shift Co-Manager.

11    Steele never had any discipline in her nearly two decades with Wal-Mart.

12    On October 13, 2016, two inebriated underage black women were driving around the store on motorized carts, bumping into things, and generally causing a disturbance.

13    After being alerted to the situation, Steele went out onto the sales floor to try to get them to stop or leave.

14    Steele approached them and asked if they had paid for the chips they were eating as they drove around.

-3-

The women began screaming profanities at Steele, at which point Steele reached for her phone to call the police.

When Steele reached for the phone, the women acted like she was pulling out a gun.

Steele did not carry a gun as a Wal-Mart employee.

After calling the police, Steele removed herself so that she could wait for the officers to arrive.

When the police arrived, Steele took a ban sheet from the store's office to the officer, who had parked his car about six spaces from the front of the store.

The officer signed the ban sheet and arrested the two women for underage drinking.

Steele then took the signed ban sheet back to the store's loss prevention office and sent an email to the Assistant Protection Manager, Theresa Coughner.

The email detailed the events that had just occurred, including a description of the customers, who were black.

Calling the police to remove unruly customers and sign ban sheets is not uncommon at Wal-Mart, especially on third shift, which is late at night. Steele followed all the procedures she and other managers normally would to remove and ban the drunk women.

-4-

On October 15, 2016, Steele's manager, Karen Younker ("Younker"), and the manager from another store, Grady Brown ("Brown"), came to Steele's store to talk to her about Wal-Mart's APO-9 policy, which is the policy regarding how Wal-Mart deals with suspected theft.

Younker and Brown told Steele that she was not supposed to ask if the women had paid for the chips and that she was not supposed to leave the sidewalk to give the police the ban sheet.

On October 19, 2016, Younker came again with the manager of a different store, Bill Bennett, and said "they" had advised her to terminate Steele. Younker would not clarify who "they" were.

On October 21, 2016, Steele was listed in Wal-Mart's system as terminated for a gross conduct violation of APO-9 policy.

Steele did not violate APO-9, and even if she did, a first APO-9 violation is not a terminable offense.

Steele called up the chain of command because she did not understand why she had been terminated.

Steele eventually spoke to Regina Hosey ("Hosey") (black female), the District Human Resources Manager, who told her that she took "personal responsibility" for Steele's termination.

31      Hosey has a history of favoring black employees and taking their side against white managers, even when they have committed major policy violations. On many occasions, white managers have been unable to discipline black employees because Hosey prevents or overturns their discipline in even the most egregious circumstances.

32      Steele then called Mike Moore ("Moore"), the Regional Asset Protection Manager, because he was in charge of implementing the APO-9 policy.

33      Moore said he could not believe that Steele was terminated because nobody is supposed o be terminated for an APO-9 violation unless Moore approves it.

34      Moore told Steele he had not heard anything about Steele's termination and promised to call her back.

35      Though Moore did not call Steele back, she contacted him again on November 14, 2016.

36      Moore told Steele that she was supposed to have received a call on October 29, and he did not understand why she had not received that call. Moore then told Steele to contact HR.

37      On November 21, 2016, Sylvia Brewer ("Brewer") (black female) called Steele.

38      Steele told Brewer that she felt like Hosey was discriminating against her because she was white and she mentioned in the October 13 email to Theresa Coughner that the two women about whom she had to call the police were black.

**39** Brewer was very rude and demeaning on the phone, and told Steele that she would uphold her termination "to the very end."

**40** Steele filed a charge of discrimination with the EEOC and was issued a notice of right to sue on June 26, 2018, which was received in the mail on July 2, 2018.

**41** Wal-Mart has more than 500 employees.

## FIRST CAUSE
### Race Discrimination (Termination)
*Title VII of the Civil Rights Act of 1964, 42 USC. §§ 2000e et seq.*

**42** Steele is white.

**43** Wal-Mart, and in particular Hosey, was aware that Steele is white.

**44** Steele suffered an adverse employment action: termination.

**45** There is a causal connection between Steele's race and her termination.

**46** Wal-Mart has at least 15 employees.

## PRAYER FOR PUNITIVE DAMAGES

**47** Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

    **47.1** Malice;

    **47.2** An evil motive; and/or

    **47.3** Callous indifference to a federally protected right.

**48** Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

# REQUEST FOR JURY TRIAL

49      Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiffs respectfully requests this Court that it:

50      Enter Judgment for Steele on all causes of action contained herein;

51      Award Steele damages, including punitive damages, in an amount to be determined at trial;

52      Tax the costs of this action against Defendant and award Steele reasonable attorney fees as permitted by law, and;

53      Grant such other and further relief as the court deems just and proper.

*Respectfully submitted on this, the 27th day of September, 2018.*

**/S/ WILSON FONG**

*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

-8-

# CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2018, I electronically filed the foregoing

Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system,

which will send notification of filing to the following:

> Wal-Mart Associates, Inc.
> c/o CT Corporation System
> 160 Mine Lake Ct Ste 200
> Raleigh, NC 27615-6417
> *Registered Agent for Defendant*

> **/S/ WILSON FONG**
> *Attorney for the Plaintiff*
> NC State Bar No. 50708
> HENSEL LAW, PLLC
> Post Office Box 39270
> Greensboro, North Carolina 27438
> Phone: (336) 218-6466
> Fax: (336) 218-6467
> will.fong@hensellaw.com

-9-